Opinion filed December 8, 2016



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00192-CR

_____

### PRESLEY LOPEZ, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 358th District Court**
**Ector County, Texas**
**Trial Court Cause No. D-45,749**

## MEMORANDUM OPINION

Appellant, Presley Lopez, originally pleaded guilty to the state jail felony offense of theft. Pursuant to the terms of the plea agreement, the trial court deferred a finding of guilt and placed Appellant on community supervision for two years. The State subsequently filed a motion to proceed with an adjudication of Appellant's guilt. At a hearing on the State's motion, the trial court found four of the State's five allegations to be true, revoked Appellant's community supervision, adjudicated her

guilty of the charged offense, and assessed her punishment at confinement in a state jail facility for two years. We dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous and without merit. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, a copy of the clerk's record, and a form motion for pro se access to the appellate record. Counsel also advised Appellant of her right to review the record and file a response to counsel's brief.[1] Appellant has filed neither the motion for pro se access to the appellate record nor a response to counsel's brief.

Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *See Schulman*, 252 S.W.3d at 409. We note that proof of one violation of the terms and conditions of community supervision is sufficient to support revocation. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). The record from the adjudication hearing shows that the State presented testimony

---

[1]This court granted Appellant thirty days in which to exercise her right to file a response to counsel's brief.

about various violations by Appellant of the terms and conditions of her community supervision as alleged in the State's motion to adjudicate. The defense rested without calling any witnesses. Based upon our review of the record, we agree with counsel that no arguable grounds for appeal exist.

We note that counsel has the responsibility to advise Appellant that she may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that she may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motion to withdraw is granted, and the appeal is dismissed.


PER CURIAM


December 8, 2016

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.